803 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
V.S.D.,INC., a body corp. T/A "Royal News" Bookstore; T/A
"Regal News" Bookstore; Tri-State News, Inc., T/A North
Liberty Books; Bragg News, Inc., t/a Bragg News; Raleigh
Books, Inc., t/a Raleigh Books, Appellants,
Adult Book and Video Superstore; Willie T. Macon, Plaintiffs,
v.
The STATE OF NORTH CAROLINA; Lacy H. Thornburg, Attorney
General of North Carolina; David Huffman, Sheriff of
Catawba County; Robert Thomas, District Attorney for the
25th Judicial District; Anthony (Tony) Keller, Detective;
Honorable James G. Martin, Governor of North Carolina;
Donald K. Ti dale, District Attorney for the Twenty-First
Judicial District; Edward W. Grannis; Donald M. Jacobs;
J. Randolph Riley, Appellees.
 No. 85-2375.
 United States Court of Appeals, Fourth Circuit.
 Argued July 15, 1986.
Decided Oct. 6, 1986.
 
 Willaim E. Seekford (James C. McRae on brief), for appellants.
 Thomas J. Ziko, Assistant Attorney General (Edwin M. Speas, Jr., Special Deputy Attorney General; Lacy H. Thornburg, Attorney General of North Carolina on brief), for appellees.
 W.D.N.C.
 AFFIRMED.
 Before HALL and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 V.S.D., Inc., Tri-State News, Inc., Bragg Books, Inc., and Raleigh Books, Inc. are operators of adult bookstores in the state of North Carolina. They appeal from an order of the district court which abstained from deciding the merits of their constitutional challenge to certain recent amendments to the North Carolina obscenity statutes. The district court also denied appellants' request for injunctive relief. Finding the district court's actions to be within the limits of sound discretion, we affirm.
 
 I.
 
 2
 On July 11, 1985, the General Assembly of North Carolina passed House Bill 1171, entitled "An Act to Strengthen the Obscenity Laws of this State and The Enforcement of Those Laws, To Protect Minors From Harmful Material That Does Not Rise to The Level of Obscenity, and To Stop the Sexual Exploitation and Prostitution of Minors. " The bill amended and substantially strengthened the North Carolina statutes regulating the display, dissemination and sale of sexually explicit materials. The amendments became effective on October 1, 1985.
 
 
 3
 Prior to the effective date of the amendments, a total of thirty-eight different plaintiffs, including appellants in this case, filed a series of actions in the United States District Courts for North Carolina seeking injunctive and declaratory relief. The various plaintiffs asserted that the amendments were both unconstitutionally vague and overbroad in violation of the first and fourteenth amendments. The cases were consolidated in the United States District Court for the Western District of North Carolina where a hearing was set for September 30, 1985, to consider the plaintiffs' motions for temporary restraining orders and preliminary injunctions. Following the hearing, the court concluded that it should abstain from deciding the constitutional merits of the amendments pending a definitive interpretation of the provisions by the appellate courts of North Carolina. The court also found that the plaintiffs had not made the requisite showing of irreparable harm needed to sustain their request for injunctive relief.
 
 
 4
 This appeal followed.
 
 II.
 
 5
 On appeal, appellants contend that the district court erred when it sua sponte abstained from exercising federal jurisdiction. Appellants also contend that the court misread the controlling authority and incorrectly denied their claim for prospective injunctive relief. Finally, appellants argue that the time limitations imposed on oral argument at the September 30, 1985, hearing deprived them of their right to due process. We find no merit in any of appellants' contentions.
 
 
 6
 A district court's decision to abstain from exercising otherwise proper jurisdiction is a "discretionary exercise of a court's equity powers." Baggett v. Bullitt, 377 U.S. 360 (1964). On appellate review, such a decision must be upheld unless it constitutes an abuse of discretion. We can see no abuse in this case.
 
 
 7
 In an earlier discussion of the doctrine of abstention, this Court stated that abstention is traditionally utilized in three circumstances:
 
 
 8
 Abstention is appropriate in those cases presenting a federal constitutional question which may be mooted or presented in a different posture by a state court determination of relevant state law. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); North v. Budig, 637 F.2d 246, 249 (4th Cir.1981). Second, abstention also is appropriate where there are presented difficult and complex questions of state law which directly affect important state policy concerns, and whose importance extends beyond the case at bar. In these situations, the exercise of federal jurisdiction would exert a disruptive influence on state efforts to establish a consistent policy with respect to matters of significant public concern. Burford v. Sun Oil Co., 319 U.S. 315, 63 S. Ct. 1098, 87 L.Ed. 1424 (1943). Finally, abstention is mandated where, absent harassment, bad faith or a patently invalid state statute, litigants seek to invoke federal jurisdiction to restrain state criminal proceedings. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 27 L.Ed.2d 669 (1971).
 
 
 9
 Cox v. Planning Dist. I Community Mental Health, etc., 669 F.2d 940, 942 (4th Cir.1982).
 
 
 10
 The district court relied primarily upon the justification for abstention articulated in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941). The court concluded that a reasonable interpretation of the amended state statute by the North Carolina courts might obviate any need to consider the constitutionality of the statutes. At a minimum, the court determined it would be premature to render a constitutional decision when the relevant state law was not fully developed.
 
 
 11
 We agree that under Pullman, abstention was fully justified in this case. We also note that the amended statutes seek, inter alia, to protect minors from sexual abuse and exploitation. This goal arguably invokes the "important state policy concerns" recognized in Cox as a second justification for abstention. Accordingly, we affirm the decision to abstain from considering the constitutionality of the amended North Carolina statutes at this time.
 
 
 12
 Appellants argue that regardless of the district court's decision to abstain on the merits, the amended statutes' potential chilling effect on their first amendment rights required that injunctive relief be granted. We disagree. A request for injunctive relief is an appeal to the exercise of sound discretion by the district court. 312 U.S. at 500. In Pullman, the Supreme Court clearly noted that injunctive relief may be inappropriate until there has been a definitive interpretation of the challenged state statute. Because there has been no such interpretation in this instance, we can see no error in the district court's decision to withhold injunctive relief.
 
 
 13
 Finally, we reject appellant's suggestion that their due process rights were violated by the district court's limitation on oral argument. It is within the court's discretion to omit oral argument entirely, so long as the merits of a controversy are otherwise fully presented. Wilkens v. Rogers, 581 F.2d 399 (4th Cir.1978). In this instance, the court heard a total of forty-five minutes of argument, although individual plaintiffs were limited to ten minutes apiece. Given the substantial similarity in the claims being presented, we believe the court soundly balanced the need for adequate presentation against the likelihood of useless repetition. We fail to see any violation of due process in that action.
 
 III.
 
 14
 Accordingly, for the reasons stated, the order of the district court is affirmed.
 
 
 15
 AFFIRMED.